```
                                  UNITED STATES DISTRICT COURT
                                  SOUTHERN DISTRICT OF FLORIDA

                                  CASE NO. 16-CV-23338-KING
                                         (14-CR-20847-KING)
                                  MAGISTRATE JUDGE P. A. WHITE

BEN HANDA,                     :

     Movant,                   :         REPORT OF
                                        MAGISTRATE JUDGE
v.                             :

UNITED STATES OF AMERICA,      :

     Respondent.               :
_____
```

## 1. Introduction

This matter is before the Court on the Movant's *pro se* motion to vacate pursuant to 28 U.S.C. § 2255, wherein he seeks to reduce his sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine, entered following a guilty plea in case number 14-CR-20847-KING. The Clerk docketed the pleading as a Section 2255 motion to vacate in this civil case.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and the Rules Governing Section 2255 Cases in the United States District Courts.

Before the Court for review are the motion to vacate (Cv-DE# 1), the presentence investigation report ("PSI"), and all pertinent portions of the underlying criminal file. See Fed. R. Ev. 201.

## 2. Claim

Construing the *pro se* Movant's argument liberally, he claims

that the twenty-four month sentence, which was below the bottom of the guidelines, should be reduced based on Amendment 794 to the United States Sentencing Guidelines due to his minimal or minor role in the offense. (Cv-DE#1).

### 3. Procedural History

The Movant was charged with: Count (1) conspiracy to possess with intent to distribute 5 kilograms or more of cocaine (21 U.S.C. § 846); and Count (2) attempt to possess with intent to distribute 5 kilograms or more of cocaine (21 U.S.C. § 846). (Cr-DE#27). He entered a guilty plea to Count 1, which was supported by a written factual proffer. See (Cr-DE#91,92). The government agreed to dismiss Count 2 at the time of sentencing. (Cr-DE#91).

The PSI, which relies on the 2014 United States Sentencing Guidelines Manual, scores the base offense level as thirty because the offense involves at least 5 kilograms but less than 15 kilograms of cocaine. See U.S.S.G. § 2D1.1(c)(5); (PSI ¶ 25). The offense level was reduced by two levels because pursuant to §2D1.1(b)(17), the movant met the criteria set forth in subdivisions (1)-(5) of § 5C1.2(a), in that he did not have more than one criminal history point, did not use violence, the offense did not result in death or serious bodily injury, he was not an organizer and he truthfully provided to the Government all information and evidence concerning the offense. (PSI ¶ 26). In addition, he was also awarded a 2-level reduction for having a minor role. (PSI ¶ 28). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of twenty-three. (PSI ¶¶ 32, 33, 34). The Movant has one criminal history point and a criminal history category of I. (PSI ¶ 42). The resulting guidelines range is between forty-six and fifty-seven months' imprisonment, at least two years of supervised release, and

between $10,000 and $10,000,000 in fines. (PSI ¶ 82, 84, 88).

In an amended judgment docketed on December 23, 2015, the Court adjudicated the Movant guilty of Count (1), dismissed Count (2), and sentenced him below the bottom of the guidelines to twenty-four months' imprisonment followed by two years of supervised release. (Cr-DE#185).[1]

The Movant filed the instant motion pursuant to 28 U.S.C. § 2255 on July 26, 2016.

### 4. Standards of Review

Section 2255 authorizes a prisoner to move a sentencing court to vacate, set aside, or correct a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); see Hill v. United States, 368 U.S. 424, 426-27 (1962). A sentence is otherwise subject to collateral attack if there is an error constituting a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979); Hill, 368 U.S. at 428.

By contrast, a motion for sentence reduction is cognizable under 18 U.S.C. § 3582(c)(2) if a movant argues his sentence should

---

[1] The term of imprisonment for a violation of 21 U.S.C. § 841(b)(1)(A)(ii) is ten years to life imprisonment. However, the movant met the criteria set forth in 18 U.S.C. § 3553(f)(1)-(5); therefore, the court was able to impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence.

3

be modified based on a subsequent sentencing guideline amendment. Specifically, that provision provides that:

> The court may not modify a term of imprisonment once it has been imposed except that ... **in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission** pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, **if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.**

18 U.S.C. § 3582(c)(2) (emphasis added).

The "applicable policy statements" referenced in §3582(c)(2) are those found in § 1B1.10 of the Sentencing Guidelines." Dillon v. United States, 560 U.S. 817, 826 (2010); see United States v. Armstrong, 347 F.3d 905, 907 (11th Cir. 2003). The Sentencing Commission's policy statement on retroactive reduction of sentences, in turn, provides that "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d)...,[2] the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)...." U.S.S.G. § 1B1.10(a)(1). A sentence reduction is not authorized under Section 3582(c)(2) if none of the amendments in subsection (d) applies to the defendant or if a listed amendment does not reduce the

---

[2] Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only) and 782 (subject to subsection (e)(1))....
U.S.S.G. § 1B1.10(d).

4

defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(A)-(B). The Guidelines define the "applicable guideline range" as the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), determined before any departure or variance is taken under the guidelines. U.S.S.G. § 1B1.10, application note 1(A).

Thus, for a sentence to be reduced retroactively under Section 3582(c)(2), a court must determine whether there has been a retroactive amendment to the Sentencing Guidelines that has lowered the guideline range applicable to that sentence as is listed under Section 1B1.10(d). See generally Armstrong, 347 F.3d at 907.

### 5. Discussion

In the instant case, the Movant specifically seeks a sentence reduction based on Amendment 794 to the United States Sentencing Guidelines. (DE#1:11). He does not seek to vacate, set aside, or correct his sentence due to a constitutional or legal violation, lack of jurisdiction, sentence beyond the statutory maximum, or other fundamental defect resulting in a miscarriage of justice. Therefore, Section 2255 does not apply and his claim for retroactive application of Amendment 794 is in the nature of a Section 3582 motion for sentence reduction. See generally United States v. Armstrong, 347 F.3d 905 (11th Cir. 2003) (declining to construe a Section 3582 motion to reduce sentence based on an amendment to the sentencing guidelines as a successive Section 2255 motion to vacate). Therefore, the instant pleading should be construed as a Section 3582 motion for sentence reduction and this Section 2255 case should be dismissed without prejudice.

If this matter is construed as a Section 3582 motion for sentence reduction in the underlying criminal case, it should be

denied. Amendment 794, which became effective on November 1, 2015, amended the application notes to Guidelines Section 3B1.2 regarding mitigating role. The amendment solely addresses the application notes, it does not change the guidelines for calculating mitigating role. Further, Amendment 794 is not one of the amendments listed in the Sentencing Commission's policy statement. See U.S.S.G. § 1B1.10(d). In addition, it should be noted that movant received a two-level reduction for being a minor participant. See PSI ¶ 42. Because Amendment 794 neither changes the Movant's sentencing calculation nor appears in the sentencing Commission's policy statement, the Movant is ineligible for a sentence reduction under Section 3582(c)(2).

## 6. Conclusion

Based on the foregoing, it is recommended that this case be DISMISSED without prejudice and ADMINISTRATIVELY CLOSED as an improperly opened Section 2255 motion to vacate. It is further recommended that, as a Section 3582 criminal motion, it be DENIED. The Clerk is hereby DIRECTED to make the *pro se* Movant's pleadings (DE#1) a part of the criminal case together with a copy of this Report.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 9th day of August, 2016.

UNITED STATES MAGISTRATE JUDGE

```
cc:   Ben Handa
      05721-104
      Miami FDC
      Federal Detention Center
      Inmate Mail/Parcels
      Post Office Box 019120
      Miami, FL 33101
      PRO SE

      Juan Antonio Gonzalez , Jr.
      United States Attorney's Office - H.I.D.T.A.
      11200 NW 20th Street
      Suite 101
      Email: juan.antonio.gonzalez@usdoj.gov
```