UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CV-23338-KING
        (14-CR-20847-KING)
MAGISTRATE JUDGE P.A. WHITE

BEN HANDA,

     Movant,

vs.                                              REPORT OF
                                            MAGISTRATE JUDGE

UNITED STATES OF AMERICA,

     Respondent.
_____/

## I. Introduction

This matter is before the Court on the movant's pro se motion to vacate, filed pursuant to 28 U.S.C. §2255, wherein he seeks to reduce his sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine, entered following a guilty plea in case number **case no. 14-CR-20847-King.**

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B),(C); S.D.Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2003-19; and Rules 8 and 10 Governing Section 2255 Cases in the United States District Courts.

Before the Court for review are the movant's §2255 motion (Cv-DE#1), the Presentence Investigation Report ("PSI"), Statement of Reasons ("SOR"), the government's response to this court's order to show cause (Cv DE# 13), Petitioner's reply thereto (Cv DE# 14), along with all pertinent portions of the underlying criminal file.

## II. <u>Claims</u>

Construing the §2255 motion liberally as afforded *pro se* litigants pursuant to <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), the movant raises the following grounds: Amendment 794 to U.S.S.G. §3B1.2, which took effect on November 1, 2015, makes him eligible for a minor-role reduction.

## III. <u>Factual Procedural History</u>

The Movant was charged with: Count 1, conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, 21 U.S.C. § 846; and Count 2, attempt to possess with intent to distribute 5 kilograms or more of cocaine, 21 U.S.C. §846. (Cr-DE#27). He entered a guilty plea to Count 1, which was supported by a written factual proffer. (Cr-DE#91,92). The government agreed to dismiss Count 2 at the time of sentencing. (Cr-DE#91). The factual proffer provided the following:

> The United States of America and Ben Handa (hereinafter referred to as the "defendant") hereby agree that had this case proceeded to trial, the United States would have proven the following beyond a reasonable doubt:
>
> That in October and November of 2014, Juan Antonio Soberon, Marin Spariosu, Nick Voulgaris, and Ben Handa all agreed to possess with the intent to distribute 10 kilograms of cocaine. Specifically:
>
> In October of 2014, Juan Antonio Soberon had a series of meetings with an undercover agent (UC) posing as a narcotics distributor wherein Soberon indicated he and his associates wanted to buy 10 kilogram s of cocaine. ln the meetings, Soberon indicated that he was purchasing the cocaine with an emerald dealer, Marin Spariosu, who could also launder the UC's money. A subsequent meeting was had with both Soberon and Spariosu wherein they agreed to provide the UC with emeralds to collateralize

2

the 10 kilograms of cocaine.

An agreement was reached wherein Spariosu would meet the UC at the Seybold building to have the emeralds appraised and if they met the UC's approval, Soberon would travel to another location to meet the UC's associate and pick up the cocaine. The cocaine was then to be sold by Soberon and Spariosu who would later pay back the UC in exchange for the emeralds.

On November 3, 2014, Spariosu m et with the UC at the Seybold building and had the emeralds appraised. The emeralds were then turned over to the UC. A second undercover agent was standing by at another location in order to purportedly turn over the cocaine to Soberon. Soberon, however, sent another person to pick up the cocaine. That person was told by the second undercover agent that they could not receive the drugs. The person left and agents followed them to Soberon who was waiting nearby. Soberon was arrested at that time. Contemporaneously with this, Spariosu was also arrested.

Post arrest, Spariosu indicated that there were two additional individuals participating in the cocaine venture, Ben Handa and Nick Voulgaris. Voulgaris was in California and Handa was in South Florida. Spariosu then placed controlled calls to Voulgaris in California which confirmed Voulgaris's participation in the cocaine venture. Spariosu told Voulgaris the cocaine venture had gone as planned. Voulgaris, in turn, directed Handa to meet with Spariosu to deliver additional emeralds and to pick up the cocaine.

Later that day, Handa met with Spariosu and delivered additional emeralds. Spariosu, in turn, showed Handa 10 kilograms of purported cocaine. Handa took the suitcase containing the cocaine and was subsequently arrested.

(Id.:92).

The PSI, which relies on the 2014 United States Sentencing Guidelines Manual, scored the base offense level as thirty because the offense involved at least 5 kilograms but less than 15 kilograms of cocaine, U.S.S.G. §2D1.1(c)(5). (PSI ¶25). The offense

level was reduced by two levels because pursuant to §2D1.1(b)(17), the movant met the criteria set forth in subdivisions (1)-(5) of §5C1.2(a), in that he did not have more than one criminal history point, did not use violence, the offense did not result in death or serious bodily injury, he was not an organizer, and he truthfully provided to the Government all information and evidence concerning the offense. (PSI ¶26). In addition, he was awarded a 2-level reduction for having a **minor role**, §3B1.2(b). (PSI ¶28). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of twenty-three. (PSI ¶¶32, 33, 34). The Movant had one criminal history point and a criminal history category of I. (PSI ¶ 42).

Statutorily, the term of imprisonment was ten years to life under 21 U.S.C. §841(b)(1)(A)(ii); however, the defendant met the criteria set forth in 18 U.S.C. §3553(f)(1)-(5), therefore, the court was to impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence. (PSI ¶81). Based on a total offense level of 23 and a criminal history category of I, the guideline imprisonment range was 46 to 57 months' imprisonment. (PSI ¶82).

Movant's sentencing occurred on August, 26, 2016 (Cv DE# 13, Ex. B, Sentencing Transcript). The Court adopted the parties' recommendation that Movant receive a two-level **minor role** reduction, pursuant to §3B1.2(b). (Id.:6,12). After consideration of the Government's §5K1.1 substantial assistance motion, Movant's request for a downward departure, and the 18 U.S.C. §3553 factors, the Court sentenced Movant to 24 months' incarceration. (Cr DE# 185, 211). In an amended judgment docketed on **December 23, 2015**, the Court adjudicated the Movant guilty of Count one, dismissed Count two, and sentenced him below the bottom of the guidelines to

4

twenty-four months' imprisonment followed by two years of supervised release. (Cr DE# 185). No direct appeal was prosecuted.

Thus, the Judgment became final on **January 4, 2016,** fourteen days after the entry of the judgment, when time expired for filing a notice of appeal.[1] Thus, the movant had one year from the time his conviction became final, or no later than **January 4, 2017**[2] within which to timely file this federal habeas petition. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); see also, See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008)(citing Ferreira v. Sec'y, Dep't of Corr's, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)(this Court has suggested that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run); accord United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1008-09 (7th Cir. 2000)). Applying the anniversary method to this case means petitioner's limitations period expired on **January 4, 2017.**

From the time his conviction became final on **January 4, 2016,**

---

[1]Where, as here, a defendant does not pursue a direct appeal, his conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). On December 1, 2009, the time for filing a direct appeal was increased from 10 to 14 days days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(i). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6). Moreover, now every day, including intermediate Saturdays, Sundays, and legal holidays are included in the computation. See Fed.R.App.P. 26(a)(1).

[2]See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008)(citing Ferreira v. Sec'y, Dep't of Corr's, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)(this Court has suggested that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run); accord United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003); United States v. Marcello, 212 F.3d 1005, 1008-09 (7th Cir. 2000)); see also, 28 U.S.C. §2255.

less than a year passed before movant filed the instant petition under 28 U.S.C. §2255 on **July 26, 2016,** the date he signed the petition.[3] (DE#1:11).

## IV.   Threshold Issues: Timeliness

As narrated previously, the movant's judgment of conviction became final on **January 4, 2016.** The movant had until **January 4, 2017** to timely file his §2255 motion. Movant timely filed the instant §2255 motion on **July 26, 2016.**

## V. General Legal Principles

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to §2255 are extremely limited. A prisoner is entitled to relief under §2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. See 28 U.S.C. §2255(a); McKay v. United States, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. §2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal

---

[3]Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed.R.App. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

and would, if condoned, result in a complete miscarriage of justice.'" <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir. 2004)(citations omitted). The "fundamental miscarriage of justice" exception recognized in <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent ...."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. <u>Rozier v. United States</u>, 701 F.3d 681, 684 (11th Cir. 2012); <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1343 (11th Cir. 2000); <u>Mills v. United States</u>, 36 F.3d 1052, 1056 (11th Cir. 1994); <u>United States v. Rowan</u>, 663 F.2d 1034, 1035 (11th Cir. 1981). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. <u>Nyhuis</u>, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. <u>Sanders v. United States</u>, 373 U.S. 1, 16, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963) ("identical grounds may often be proved by different factual allegations ... or supported by different legal arguments ... or couched in different language ... or vary in immaterial respects").

## VI. <u>Discussion</u>

Under **claim 1**, the movant seeks a sentence reduction, claiming to be entitled to a minor role adjustment, pursuant to U.S.S.G. §3B1.2 of the United States Sentencing Guidelines. (Cv-DE# 1:4). His claim is premised on the Sentencing Commission's enactment of Amendment 794, to the commentary of §3B1.2, which became effective on November 1, 2015, after the sentencing hearing but before the

court entered its amended judgment. <u>See</u> Sentencing Guidelines For United States Courts, 80 Fed.Reg. 25,782, 25,782 (May 5, 2015) (stating that on April 30, 2015, the Sentencing Commission proposed amendments to §3B1.2 to become effective November 1, 2015).

Here, movant specifically argues that he should have been granted a "minor role" reduction. He was in fact granted a two-level decrease due to the fact that he played a minor role. As a result, the relief he requests he has already received. This renders his argument moot.

However, even assuming he is actually arguing he should have been granted a four-level decrease as a minimal participant, his claim also fails.

U.S. Sentencing Guidelines, Section 3B1.2 provides a decrease to a defendant's base offense level by up to four levels "[i]f the defendant was a minimal participant in any criminal activity," two levels "[i]f the defendant was a minor participant in any criminal activity," and three levels if the defendant's level of participation fell between minimal and minor. <u>See</u> U.S.S.G. §3B1.2. The commentary to §3B1.2 provides that a mitigating role adjustment is available to any defendant "who plays a part in committing the offense that makes him [her] substantially less culpable than the average participant." <u>See</u> <u>id</u>. U.S.S.G. §3B1.2 cmt. n.3(A).

However, Amendment 794 "left the text of §3B1.2 unchanged." <u>United States v. Gomez</u>, ___ F.3d ____, 2016 WL 3615688, at * 3 (5th Cir. July 5, 2016); <u>see also</u> <u>United States v. Quintero-Leyva</u>, 823 F.3d 519, 523 (9th Cir. 2016); <u>United States v. Casas</u>, 632 Fed.Appx. 1003, 1004 (11th Cir. 2015). Rather, the amendment modified §3B1.2's application notes by introducing a list of

non-exhaustive factors that a sentencing court should consider in determining whether to apply a mitigating role adjustment. See Quintero-Leyva, 823 F.3d at 523. It is also worth noting that, generally, a court is required to use the guidelines manual in effect on the date a defendant is sentenced. See Dorsey v. United States, 132 S. Ct. 2321, 2332 (2012); U.S.S.G. §1B1.11(a) (requiring use of "the Guidelines Manual in effect on the date that the defendant is sentenced"). Amendment 794 was issued on November 1, 2015. See Quintero-Leyva, 823 F.3d at 521. Thus, it was enacted after to the movant's **August 2015** sentencing hearing.

The Sentencing Commission did not make the amendment retroactively applicable to cases on collateral review. See U.S.S.G. §1B1.10(d). Notwithstanding, the amendment also made no substantive change to U.S.S.G. §3B1.2. Rather, it merely "clarified the factors to consider for a minor-role-adjustment." See United States v. Casas, 632 Fed.Appx. 1003, 1004 (11th Cir. 2015). In fact, the Sentencing Commission specifically explained that Amendment 794 is intended only as a clarifying amendment. U.S.S.G. Supp. App. C, Amend. 794 (Reason for Amend.) ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies.").

Thus, the court must first determine whether the movant's "claim that [his] sentence is contrary to a subsequently enacted clarifying amendment is cognizable under §2255." See Burke v. United States, 152 F.3d 1329, 1331 (11th Cir. 1998). The movant here, like the movant in Burke, is not entitled to relief under §2255. After movant's sentencing hearing, the Sentencing Commission added a clarifying amendment to the federal sentencing guidelines. Like the movant in Burke, the movant here has moved under §2255 to modify his sentence based on a clarifying change to the guidelines.

<u>Id</u>. Yet because "§2255 is not a substitute for direct appeal," nonconstitutional claims, such as clarifying amendments to the Guidelines, "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demand of fair procedure.'" <u>Id</u>. (quoting <u>Reed v. Farley</u>, 512 U.S. 339, 348 (1994)).

Because Amendment 794 is a clarifying amendment resulting in no change to the substantive law, the movant had the opportunity to challenge the failure of the trial court to grant a four-level mitigating role reduction at his original sentencing and then on direct appeal, but did not do so.  The PSI did not recommend a four-level reduction for movant's role in the offense. Therefore, this claim is not cognizable here, since the movant has not demonstrated a fundamental defect, nor that a complete miscarriage of justice will result from the failure to consider this claim.[4] While it is true that, in the direct appeal context, the Eleventh Circuit has recently held that Amendment 794 applies retroactively, it has yet to determine whether it applies retroactively to cases on collateral review. See <u>e.g.</u>, <u>United States v. Herrera Villareal</u>, __ F.3d __, 2016 WL 6123493 (11th Cir. Sept. 20, 2016)(citing, <u>United States v. Cruickshank</u>, ___ F.3d ____, 2016 WL 5075936 at *7

---

[4]Movant is cautioned that arguments not raised by movant before the magistrate judge cannot be raised for the first time in objections to the undersigned's Report. See <u>Starks v. United States</u>, 2010 WL 4192875 at *3 (S.D. Fla. 2010); <u>United States v. Cadieux</u>, 324 F.Supp. 2d 168 (D.Me. 2004). "Parties must take before the magistrate, 'not only their best shot but all of the shots.'" <u>Borden v. Sec'y of Health & Human Servs.</u>, 836 F.2d 4, 6 (1st Cir. 1987)(quoting <u>Singh v. Superintending Sch. Comm.</u>, 593 F.Supp. 1315, 1318 (D.Me. 1984)). Thus, "[W]here a party raises an argument for the first time in an objection to a report and recommendation, the district court may exercise its discretion and decline to consider the argument." <u>Daniel v. Chase Bank USA, N.A.</u>, 650 F.Supp.2d 1275, 1278 (N.D. Ga. 2009)(citing <u>Williams v. McNeil</u>, 557 F.3d 1287 (11th Cir. 2009). Here, if movant attempts to raise a new claim or argument in support of this §2255 motion, the court should exercise its discretion and decline to address the newly-raised arguments.

(11th Cir. Sept. 20, 2016)). On this basis alone, the movant's §2255 motion should be denied.

Thus, considering all of the facts probative of the Petitioner's role and his relevant conduct in the offense of conviction, the movant is not entitled to a mitigating role adjustment nor application of Amendment 794. It cannot be said that had the sentencing court considered a mitigating role adjustment under the guidelines, that such a request would have been granted. Thus, there is nothing of record to suggest that the movant's sentence was rendered fundamentally unfair or that it constituted a miscarriage of justice sufficient to form the basis for collateral relief. See Burke, 152 F.3d at 1332. Therefore, movant is entitled to no relief on this claim.

Finally, it is noted that this court has considered all of the movant's claims for relief.[5] See Dupree v. Warden, 715 F.3d 1295 (11th Cir. 2013)(citing Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992)). For all of his claims, petitioner has failed to demonstrate that he is entitled to the relief requested. In other words, he has failed to satisfy Strickland's deficient performance and/or prejudice prong. Thus, to the extent a precise argument, subsumed within any of the foregoing grounds for relief, was not specifically addressed herein, the claim was considered and found

---

[5]If the movant again attempts to raise new arguments or grounds for relief or otherwise provides additional evidence "for the first time in an objection to a report and recommendation, the district court may [and should] exercise its discretion and decline to consider the argument" or new facts. Daniel v. Chase Bank USA, N.A., 650 F.Supp.2d 1275, 1278 (N.D. Ga. 2009)(citing Williams v. McNeil, 557 F.3d 1287 (11th Cir. 2009); see also, Starks v. United States, 2010 WL 4192875 at *3 (S.D. Fla. 2010); United States v. Cadieux, 324 F.Supp.2d 168 (D.Me. 2004). "Parties must take before the magistrate, 'not only their best shot but all of the shots.'" Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987)(quoting Singh v. Superintending Sch. Comm., 593 F.Supp. 1315, 1318 (D.Me. 1984)).

to be devoid of merit, warranting no specific discussion herein.

## VII. **Evidentiary Hearing**

Movant is also not entitled to an evidentiary hearing on the claims raised in this proceeding. Movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his/her allegations, if proved, would establish his/her right to collateral relief. See Schriro v. Landrigan, 550 U.S. 465, 473-75, 127 S.Ct. 1933, 1939-40, 127 S.Ct. 1933 (2007)(holding that if record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). See also Townsend v. Sain, 372 U.S. 293, 307 (1963); Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), *citing*, Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979)(holding that §2255 does not require that the district court hold an evidentiary hearing every time a section 2255 petitioner simply asserts a claim of ineffective assistance of counsel, and stating: "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.").

## VIII. **Certificate of Appealability**

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." A timely notice of appeal must

still be filed, even if the court issues a certificate of appealability. Rules Governing §2255 Proceedings, Rule 11(b), 28 U.S.C. foll. §2255.

After review of the record, Movant is not entitled to a certificate of appealability. "A certificate of appealablilty may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. 28 U.S.C. §2253(c)(2). To merit a certificate of appealability, Movant must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). See also Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). Because the §2255 motion is clearly time-barred, Movant cannot satisfy the Slack test. Slack, 529 U.S. at 484.

As now provided by Rules Governing §2255 Proceedings, Rule 11(a), 28 U.S.C. foll. §2255: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IX. Recommendations

Based on the foregoing, it is recommended that the motion to vacate be DENIED; that no certificate of appealability issue; and, that this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 31<u>st</u> day of August, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Ben Handa, <u>Pro Se</u>
     Reg. No. 05721-104
     Miami FDC
     Federal Detention Center
     Inmate Mail/Parcels
     Post Office Box 019120
     Miami, FL 33101

     Juan Antonio Gonzalez , Jr.
     United States Attorney's Office - H.I.D.T.A.
     11200 NW 20th Street
     Suite 101
     Miami, FL 33172
     305-715-7640
     Fax: 305-715-7639
     Email: juan.antonio.gonzalez@usdoj.gov

14